(April 7, 2000)

■ In the Matter of JAMES E. BANAGAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [706 NYS2d 486] —Per Curiam. Respondent was admitted to practice by this Court in 1974 and maintains a law office in Albany.

It is undisputed that, from about 1995 through 1999, respondent neglected two criminal appeals in the United States Court of Appeals for the Second Circuit and ignored letters, telephone calls and orders from the Federal court urging his prosecution of the appeals. In 1997, the court sanctioned him $2,500 for neglect of the first appeal, which he failed to pay. In 1999, his continuing misconduct resulted in a total fine of $4,000 and a suspension from practice for a period of 1½ years (*Matter of Banagan*, 186 F3d 143). He has paid the fine. Respondent's neglect and failure to comply with directives of the Federal appeals court violated this Court's disciplinary rules, as charged in the petition (*see*, Code of Professional Responsibility DR 1-102 [a] [5]; DR 6-101 [a] [3]; DR 7-101 [a] [2], [3] [22 NYCRR 1200.3 (a) (5); 1200.30 (a) (3); 1200.32 (a) (2), (3)]). Respondent also failed to fully cooperate with petitioner's investigation (*see*, Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Respondent's misconduct is aggravated by his disciplinary record, which since 1985 includes

---

two cautions and two admonishments issued by petitioner and a 1998 censure by this Court (*Matter of Banagan*, 254 AD2d 622).

Under the circumstances presented, we conclude that respondent should be suspended from practice for a period of two years.

Mercure, J. P., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of two years, effective 20 days from the date of this order, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.